UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WEDGE GROUP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-501** |
| **KILEY MADISON, INC., ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure filed on behalf of defendant, Kiley Madison, Inc. Plaintiff, Wedge Group, LLC, opposes[2] the motion. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

### *BACKGROUND*

Plaintiff claims that it is the sole and exclusive owner of the entire right, title and interest in and to the '752 patent, entitled "Drinking Container."[3] Plaintiff alleges that defendant "has infringed and is currently infringing the '752 Patent in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States, products and processes embodying the invention claimed in the '752 Patent."[4] Plaintiff further alleges that "[v]enue over these claims is proper in this judicial district…because, among other reasons, Defendant Kiley Madison, Inc. is subject to personal jurisdiction in this judicial district, and has committed acts of infringement in this judicial district."[5]

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 10.
[3] R. Doc. No. 1.
[4] *Id.*
[5] *Id.*

## *LAW AND ANALYSIS*

Although defendant styles its motion as a motion to dismiss for lack of personal jurisdiction and for improper venue, defendant, in fact, moves to dismiss plaintiff's complaint on the grounds that the complaint fails to allege a sufficient basis for jurisdiction over defendant and that the complaint fails to allege a sufficient basis to establish the Eastern District of Louisiana as the proper venue for this lawsuit.

Courts have established that detailed pleading with respect to personal jurisdiction is not required. As noted in *Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87 (2d Cir. 1971), "Rule 8(a) of the Federal Rules of Civil Procedure prescribes the rather simple requirements of a sufficient complaint. Besides a straightforward statement of the claim and a demand for judgment, the complaint need contain only a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.* at 88 (quotation marks omitted). The term jurisdiction in this context refers to subject matter rather than personal jurisdiction. *Id.* Importantly, "there is no affirmative duty to plead personal jurisdiction because it is assumed that personal jurisdiction exists." *Shanks v. Wexner*, 2003 WL 1343018, at *2 (E.D. Pa. Mar. 18, 2003) (citing *Sterling*, 437 F.2d at 88). The Court finds that there is no basis for dismissing plaintiff's complaint for insufficient pleading of personal jurisdiction.

Furthermore, since "[v]enue in a patent action against a corporate defendant exists wherever there is personal jurisdiction," *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005),[6] there is similarly no basis for dismissing plaintiff's complaint at this time for improper venue.

For the foregoing reasons,

---

[6] In patent infringement cases, the law of the U.S. Federal Circuit Court of Appeals, rather than that of the regional circuit in which the case arises, determines whether a district court properly exercises personal jurisdiction. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

**IT IS ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction and improper venue is **DENIED WITHOUT PREJUDICE** to re-urge, if appropriate, following completion of pertinent discovery.

New Orleans, Louisiana, July 18th, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE